**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1362-18T1

M.K.,

     Appellant,

v.

CATASTROPHIC ILLNESS IN
CHILDREN RELIEF FUND
COMMISSION,

     Respondent.

_____

Argued November 21, 2019 – Decided January 3, 2020

Before Judges Alvarez, Suter and DeAlmeida.

On appeal from the Catastrophic Illness in Children Relief Fund Commission.

M.K., appellant, argued the cause pro se.

Jeanette M. Barnard, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas Logothetis, Deputy Attorney General, on the brief).

PER CURIAM

M.K.[1] appeals from the October 10, 2018 final agency decision of the Catastrophic Illness in Children Relief Fund Commission (Commission) denying reimbursement of $3167 in her child's medical expenses. We reverse.

I.

M.K.'s child has a medical condition that qualifies for reimbursement of medical expenses from the Catastrophic Illness in Children Relief Fund (Fund). For the period May 1, 2015, to April 30, 2016, the Commission approved reimbursement of $1647.55 in medical expenses paid by M.K. on behalf of her child by personal check. The Commission denied reimbursement of $3167 in the child's medical expenses claimed by M.K. paid by check issued from the account of Save1Million[2], M.K.'s unincorporated sole proprietorship.

M.K. requested the Commission reconsider its denial. The minutes of the Commission's discussion of M.K.'s request state:

> [M.K.] appealed the initial Commission determination arguing that the business is a sole proprietorship which is unincorporated and owned and run by one individual with no distinction between the business and the owner. Bank documents were submitted confirming the mother

---

[1] We use initials to protect the identity of M.K.'s child.

[2] We note M.K's unincorporated sole proprietorship is identified in the record as Save1Million, Save Millions, and Save Millions, LLC. Although the use of "LLC" suggests the entity is a limited liability corporation, the parties agree the disputed expenses were paid by M.K.'s unincorporated sole proprietorship.

2

as the sole owner and both parents as signers on the account. A letter from their accountant was provided, explaining medical expenses were not deducted from business income. It is recommended that the initial decision, to exclude these expenses, be upheld as the basis of the initial decision was not in regards to how the business is structured or how taxes are paid, but rather that payments were made out of a business account and not a personal account.

On October 10, 2018, the Commission issued a written statement denying M.K.'s request for reconsideration. The Commission "determined that these expenses which had been paid from a business account were ineligible for reimbursement."

This appeal followed. M.K. argues the Commission's final decision is arbitrary because it relies on the fact the $3167 in expenses were paid from the account of M.K.'s unincorporated sole proprietorship, when the economic reality is those expenses were paid from M.K.'s personal funds.

II.

"Judicial review of agency determinations is limited." Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Russo v. Bd. of Trs., Police

& Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). In reviewing the agency's decision, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Ibid. (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

"A reviewing court 'must be mindful of, and deferential to, the agency's expertise and superior knowledge of a particular field.'" Id. at 158 (quoting Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009)). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "Deference to an agency decision is particularly appropriate where interpretation of the [a]gency's own regulation is in issue." R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting

I.L. v. N.J. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006)). "However, a reviewing court is 'in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'" Allstars Auto Grp., 234 N.J. at 158 (alteration in original) (quoting Dep't of Children & Families, Div. of Youth & Family Servs. v. T.B., 207 N.J. 294, 302 (2011)).

The Fund is a State-run, non-lapsing fund created to provide financial assistance to any eligible family with a child who has a qualifying illness which could have a "potentially devastating financial consequence" for the family. N.J.S.A. 26:2-148(a). A catastrophic illness eligible for reimbursement under the Fund is "any illness or condition the medical expenses of which are not covered by any other State or federal program or any insurance contract and exceed" certain percentages of the family's income. N.J.S.A. 26:2-149(a). Those eligible for reimbursement include a child's "parent . . . who is legally responsible for the child's medical expenses." N.J.S.A. 26:2-149(d).

N.J.S.A. 26:2-154(b) authorizes the Commission to "[e]stablish procedures for . . . determining the eligibility for the payment or reimbursement of medical expenses for each child . . . ." Reimbursements for medical expenses are "subject to the rules and regulations established by the [C]ommission . . . ."

N.J.S.A. 26:2-156. According to N.J.A.C. 10:155-1.2, expenses eligible for reimbursement are those

> not covered by any other source, including, but not limited to, other State or Federal agency programs, insurance contracts, trusts, proceeds from fundraising, or settlements . . . .

The Commission determined M.K.'s unincorporated sole proprietorship was an "other source" of coverage for $3167 of her child's medical expenses. The rationale offered by the Commission for its decision is the expenses were paid by a check drawn on the unincorporated sole proprietorship's account.

Yet, unincorporated sole proprietorships "lack an existence apart from that of their owner. In essence, the sole proprietor is the business, assuming unlimited personal liability for obligations arising out of the operation of the enterprise." 16A N.J. Practice, Legal Forms, § 56:1, at 478, James W. Kerwin, "Sole Proprietorships" (James H. Walzer) (4th ed. 2009). The relationship between a sole proprietor and its owner is reflected in our tax statutes. The income and expenses of the sole proprietorship are reported on the owner's New Jersey personal income tax return. N.J.S.A. 54A:5-1(b); Marrinan v. Div. of Taxation, 10 N.J. Tax 542 (Tax 1989); see also Smith v. Dir., Div. of Taxation, 108 N.J. 19, 26-27 (1987) ("We find . . . the [Gross Income Tax] Act, insofar as income derived from a business conducted in proprietorship or partnership form

6

is concerned, imposes a tax on net income.") (quotations omitted). According to N.J.A.C. 18:35-1.1(b),

> [f]or purposes of the Gross Income Tax Act, a sole proprietorship . . . is a form of business in which one taxpayer owns all the assets of a business and which is not a partnership or corporation.
>
> . . . .
>
> Sole proprietors shall report their income or loss as net profits from business.

Our review of the record reveals M.K. reported income earned by her unincorporated sole proprietorship as taxable income on her personal tax returns and did not deduct the $3167 in question as a business expense. By paying her child's medical expenses with a check drawn on the account of her unincorporated sole proprietorship, M.K., in effect, withdrew profits she earned in her business and paid a personal expense. The assets of M.K.'s business are not an independent source of funds for the payment of her child's medical expenses. Thus, the Commission's reliance on the nature of the account from which the expenses were made, without consideration of M.K.'s relationship to the source of the funds, was arbitrary.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1362-18T1